UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| ROBERT TERRANCE, | ) | CASE NO. 1:05 CV 1926 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| CUYAHOGA COUNTY, | ) | AND ORDER |
| | ) | |
| Defendant. | ) | |

On August 4, 2005, plaintiff pro se Robert Terrance filed this action under 42 U.S.C. § 1983 against Cuyahoga County, Ohio. In the complaint, plaintiff alleges that he was arrested and deprived of custody of his children. He seeks compensatory damages and return of his children to him under a joint custody arrangement with their mother.

*Background*

Mr. Terrance's complaint contains very few facts, and as a result, it is difficult to piece together the substance of his claims. It appears that Cuyahoga County took temporary custody of Mr. Terrance's children. He claims a social worker made an effort to reunite the children with their mother, but not with him. He suggests that the social worker was inexperienced and "was intimidated and out-finessed, baffled misconstrued by a woman and her mother." (Compl. at 4.) He contends that he is now incarcerated with no access to his children.

The complaint then shifts its focus to the police and fire marshal of an unspecified

locale. He claims officers from these entities arrested him in his uncle's house which is adjacent to his house. He states he asked to see a warrant. He claims they held him on location so his former girlfriend could identify him as the person she saw starting a fire. He asserts his uncle could not consent to a search of his own home because he lacks the mental capacity to do so. He indicates the officers held their guns on him even after he was handcuffed. Mr. Terrance contends his children were very upset by the scene. He claims the officers allowed the children's mother to take custody of them, even though she did not have a valid driver's license or child safety seats in her vehicle.

*Analysis*

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to §1915(e).

As an initial matter, Mr. Terrance does not identify the legal claims he wishes to assert. The complaint consists entirely of a cursory recitation of facts followed by his request for

---

[1] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

unspecified monetary damages and an award of joint custody of his children. Based on the fact that he used a prisoner civil rights complaint form to draft his pleading, the court construes this action as arising under 42 U.S.C. § 1983. Mr. Terrance, however, has not set specified any constitutional right he believes to have been violated by the defendant.

Principles requiring generous construction of pro se pleadings are not without limits. See Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); Beaudett v. City of Hampton, 775 F.2d 1274, 1277 (4th Cir. 1985). A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. See Schied v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 437 (6th Cir. 1988). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. Beaudett, 775 F.2d at 1278. To do so would "require ...[the courts] to explore exhaustively all potential claims of a pro se plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Id. at 1278. Moreover, plaintiff's failure to identify a particular legal theory in his complaint places an unfair burden on the defendant to speculate on the potential claims that plaintiff may be raising against it and the defenses it might assert in response to each of these possible causes of action. See Wells v. Brown, 891 F.2d at 594. Even liberally construed, the complaint does not sufficiently state the federal constitutional claim or claims upon which plaintiff intends to base his § 1983 action.

Furthermore, even if Mr. Terrance had identified a constitutional right he believes to have been violated by the social worker, the police officers or the fire marshall, Cuyahoga County would not be a proper party to this the § 1983 action. It appears to have been named as a defendant

simply because it employs the other individuals which Mr. Terrance believes acted in violation of the law. As a rule, local governments may not be sued under 42 U.S.C. § 1983 for an injury inflicted solely by employees or agents under a respondeat superior theory of liability. See Monell v. Department of Soc. Servs., 436 U.S. 658, 691(1978). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Id. at 694. A municipality can therefore be held liable when it unconstitutionally "implements or executes a policy statement, ordinance, regulation, or decision officially adopted by that body's officers." Id. at 690; DePiero v. City of Macedonia, 180 F.3d 770, 786 (6th Cir. 1999). The complaint contains no suggestion of a custom or policy of Cuyahoga County which may have resulted in the deprivation of a federally protected right of the plaintiff.

### *Conclusion*

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
UNITED STATES DISTRICT JUDGE

Dated: 10/7/05

---

[2] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.

-4-